IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV488-1-MU

| | |
|---|---|
| JAMES EDWARD HALL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>HERBERT JACKSON, Admin., )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition Under 28 U.S.C. § 2254, filed October 15, 2008.

A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari.

Petitioner indicates in his federal habeas petition that he directly appealed[1] his state court conviction but that he withdrew the appeal to file a Motion for Appropriate Relief (MAR). Petitioner thus has not exhausted his state court remedies through the direct appeal process.

Although it is not entirely clear exactly what Petitioner has filed with regard to post-conviction proceedings, he seems to indicate that he filed a MAR and one or more Motions for Evidentiary Hearing in the Superior Court of McDowell County. Petitioner asserts that no ruling on these motions has yet been issued. Petitioner therefore has not fully exhaust his state court remedies through the post-conviction process and his federal habeas petition must be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to exhaust his state court remedies.

Signed: October 16, 2008

Graham C. Mullen
United States District Judge

---

[1] Petitioner indicates that he filed this appeal in the superior court which is not the proper court to appeal his conviction and sentence. In any event, where Petitioner filed his appeal is not relevant to this Court's ruling.,